IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

Leonard Otto Wallace, and
Pamela R. Wallace,

        Debtors.

LEONARD OTTO WALLACE,

        Appellant,

vs.

NORMAN HAYES, and
RODNEY HAYES,

        Appellees.

Bk. Case No. 11-21077-TLM

**MEMORANDUM DECISION AND ORDER**

Case No. 2:14-cv-00229-EJL

Pro Se Appellant Leonard O. Wallace ("Mr. Wallace") appeals the Summary Order Regarding Debtors' Rule 60(b) Motion and Creditors' Motion for Protective Order (Dkt. 1-2), and the denial of reconsideration of the Summary Order (Dkt. 1-3) entered by the United States Bankruptcy Court for the District of Idaho in Case No. 11-21077-TLM.[1] Mr. Wallace does not address any specific error allegedly

---

[1] Pamela R. Wallace was also identified as an appellant on the Notice of Appeal. (Dkt.1.) However, Ms. Wallace filed a request to withdraw the appeal on July 21, 2014. (Dkt. (Continued)

1

committed by the Bankruptcy Court, but instead attempts to challenge and ultimately reverse rulings made in a Montana arbitration that occurred more than ten years ago, as well as a decision by the Montana Supreme Court affirming the arbitration award. *See, generally, Wallace v. Hayes*, 329 Mont. 23, 124 P.3d 110 (Mont. Sup. Ct. 2005). Appellees and creditors Norman and Rodney Hayes (the "Hayes") have filed a Motion to Dismiss the Appeal and request for attorney fees and costs (Dkt. 9), and have also responded to the appeal (Dkt. 16).

Having reviewed and considered all the briefing of the parties, the Court concludes that oral argument is not necessary to resolve the appeals. *See Fed. R. Civ. Proc. 78; Willis v. Pacific Maritime Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001). For the reasons set forth below, the Court affirms the order of the Bankruptcy Court.

## BACKGROUND[2]

By now, the facts of this case are well known to the parties and the Bankruptcy Court. Here, the Court briefly summarizes the facts to provide the

---

11.) Mr. Wallace objected to this request. (Dkt. 12.) Because Mr. Wallace did not desire to withdraw his appeal, the Court denied Ms. Wallace's request to withdraw the appeal on July 23, 2014. (Dkt. 15.) For ease of reference, and because Ms. Wallace does not appear to join in the appeal, the Court will refer only to Mr. Wallace as appellant.

[2] Unless otherwise referenced, docket citations are to the record in this appeal, 2:14-cv-00229-EJL.

context of Mr. Wallace's appeal. In reciting such facts, the Court relies on various orders from the Bankruptcy Court, as well as case history provided by the Montana Supreme Court in *Wallace*, 124 P.3d at 115.

Mr. Wallace and the Hayes have been involved in litigation for approximately thirteen years. The contentious litigation and collection efforts have spanned numerous jurisdictions and involved multiple appeals. In brief, Mr. Wallace commenced an action on October 29, 2001 against MagTrac Bolus, a Wyoming limited liability company ("LLC") in which he was a member, as well as against six other LLC members, including the Hayes. The LLC's primary purpose was to own, develop and market products for radio frequency identification and temperature monitoring of livestock. Mr. Wallace's complaint alleged fraud, negligent misrepresentation, and breach of partnership obligations.

The Montana state court ordered the parties to arbitrate the dispute pursuant to the LLC's Operating Agreement. The parties stipulated that Wyoming law would govern the arbitration proceedings, and participated in hearings on January 30, February 21, and March 18 of 2003. The arbitrator issued a decision and award on July 31, 2003 ("July Award"). One aspect of the July Award determined Mr. Wallace had intentionally misappropriated property rights belonging to the LLC, and ordered Mr. Wallace to pay $2.5 million in nominal and exemplary

damages in favor of the LLC.[3] Mr. Wallace applied for a modification of the July Award, arguing litigation initiated in South Dakota regarding ownership of a patent allegedly owned by the LLC was potentially relevant.[4] The arbitrator initially stayed all of the obligations from the July Award, but eventually confirmed the July Award after determining there was no just reason to avoid confirmation, despite the ongoing South Dakota litigation. The arbitrator issued a final order on December 23, 2003 ("Final Order").

Mr. Wallace filed a motion to vacate the July award and Final Order on March 23, 2004. The Montana state court denied Mr. Wallace's motion and entered an Amended Judgment confirming both the July Award and the Final Order on August 3, 2004 ("Amended Judgment"). Mr. Wallace appealed the Amended Judgment. The Montana Supreme Court affirmed Amended Judgment, which was later assigned to the Hayes on December 17, 2007. On June 17, 2009,

---

[3] The basis for the arbitrator's award was that Mr. Wallace had: (a) executed contracts without the consent of the majority of the voting members of the LLC, in violation of the Operating Agreement; (b) competed with the LLC so as to prevent the company from carrying out its purpose; (c) failed to keep proper books and records; (d) conspired with Norman Hayes to dilute the equity of the other members in violation of Mr. Wallace's duties of loyalty and good faith; (e) intentionally misappropriated and converted the assets of the LLC to his own use and profit; and (f) intentionally and actively interfered with contracts and business opportunities of the LLC.

[4] Mr. Wallace argued issues concerning the LLC's alleged ownership of the patent, which were not disclosed during the arbitration process, constituted fraud by the Hayes and should result in a modification of the award. (Dkt. 17-1, p. 36.)

4

the Hayes obtained an award of attorney's fees and costs against Mr. Wallace in Montana state court. This award was also upheld on appeal to the Montana Supreme Court. *Wallace v. Hayes*, 357 MT 562, 242 P.3d 1286 (Mont. Sup. Ct. 2010). The Amended Judgment, as well as the award of attorney's fees and costs, is the basis for Hayes' proof of claim[5] in Mr. Wallace's bankruptcy case.[6] (Dkt. 17-3.)

Mr. Wallace's first two objections to the Hayes' proof of claim were denied in 2012. (Dkt. 17-1, pp. 1-4.) Although Mr. Wallace's objections were overruled, Mr. Wallace filed numerous requests for reconsideration or similar relief. The Bankruptcy Court overruled all of the objections to the Hayes' proof of claim, and denied all of the motions for reconsideration. (*See, e.g.*, 11-21077-TLM, Dkt. Nos. 445, 447, 466, 468, 512, 701-703, 718 and 729.)

Mr. Wallace also initiated an adversary proceeding in the Bankruptcy Court against the Hayes, as well as against the Hayes' counsel and others. (*See* Adv. Proc. 12-07035-TLM) Mr. Wallace raised many, if not all, of the arguments raised

---

[5] The LLC assigned its judgment against Mr. Wallace to the Hayes, who recorded the judgment in Idaho and Washington. (Dkt. 17-1, pp. 36-37.)

[6] The Wallaces filed a petition for Chapter 11 bankruptcy in August, 2011. (*Id.*, p. 34.) On March 22, 2012, the Bankruptcy Court converted the voluntarily filed chapter 11 case to one under chapter 7. (Dkt. 1-2, p. 2.) The Bankruptcy Court converted the case due to, *inter alia*, the Wallace's dimunition of the estate and failure to properly observe their fiduciary duties as debtors-in-possession. (*Id.*)

in this appeal, as well as in his objections to the Hayes' proof of claims, in the adversary proceeding. For instance, Mr. Wallace maintained that the arbitration ruling and the subsequent Amended Judgment of the Montana state court affirming the arbitration awards were obtained through fraud. Specifically, Mr. Wallace alleged, as he continues to allege here, that the Hayes concealed from the arbitrator certain information that indicated that the LLC patent was not actually owned by the LLC. (Dkt. 17-1, p. 37.) Mr. Wallace also argued in the adversary proceeding, as he claims here, that the process before the arbitrator and the subsequent processes before the Montana lower court were unfair, largely because those tribunals did not listen to Mr. Wallace's arguments or credit the evidence he attempted to present. (Dkt. 17-1, pp. 30-65.) Mr. Wallace also made such arguments in *six* appeals to the Montana Supreme Court. The trial court was affirmed on all six of those appeals. *See Wallace v. Hayes*, 362 Mont. 545, 272 P.3d 125 (Mont. Sup. Ct. 2011).

Mr. Wallace continued to repeat such arguments in a federal action he filed in the United States District Court for the District of Montana. CV-11-84-BLG-RFC. The Montana federal suit sought an order rescinding the parties' agreement for Mr. Wallace's investment in the LLC on theories such as breach of contract, failure of consideration and unilateral mistake, and requested a return of all amounts the Hayes collected from Mr. Wallace under the Amended Judgment.

6

(Dkt. 17-1, p. 38.) The Montana federal suit also sought an order vacating the Amended Judgment because it was allegedly obtained by fraud and was not supported by a valid arbitration order. (*Id*.) Mr. Wallace's attempt to attack the Montana state court's Amended Judgment in Montana Federal Court proved unsuccessful, and the Montana Federal Court denied all relief sought and dismissed the suit as an improper collateral attack on a final and affirmed judgment, and also imposed sanctions against Mr. Wallace. (*Id*., p. 39.)

The Bankruptcy Court also dismissed the adversary proceeding and awarded sanctions of $17,010.00 against Mr. Wallace in February, 2013. (*Id*., pp. 32-66, 70-72.) The Chapter 7 Trustee thereafter continued to administer Mr. Wallace's bankruptcy and liquidated significant assets. Although Mr. Wallace continued to make serial objections to the claims of the Hayes, such objections were denied. (Dkt. 1-2, p. 3.) Although some of these denials were appealed, the appeals were abandoned.[7] (*Id*.)

On April 22, 2014, Mr. Wallace again raised the arguments submitted in this appeal and already considered and rejected by the Bankruptcy Court, as well as by the Montana lower court, the Montana Supreme Court, and the Montana Federal

---

[7] For instance, Mr. Wallace appealed the Bankruptcy Court's denial of his objection to the Hayes' proof of claim, and Order Approving Compromise with Hayes Creditors and Idaho Independent Bank, to this Court in May, 2013. (*See* 2:13-cv-00238-EJL.) Mr. Wallace ultimately filed a request to withdraw that appeal, which this Court granted on December 18, 2013. (*Id*., Dkt. Nos. 43, 44.)

Court, in a "Motion to Protect Integrity of this Court (Under Rule 60(b)(4) Fraud on the Court. And 60(b)(3) Obtained by Fraud. And 60(b)(6) Manifest Injustice and 60(d)(3) Fraud on Court" (sic) (hereinafter "Rule 60(b) Motion"). (11-21077-TLM, Dkt. 732.) In his Rule 60(b) Motion, Mr. Wallace, among other things, again sought review of the Bankruptcy Court's order converting his Chapter 11 case into a Chapter 7 case, challenged the Montana lower court's damages award, sought to void the arbitration award, and made allegations of criminal conduct by the United States Trustee. (*Id.*) Ultimately, Mr. Wallace's Rule 60(b) Motion requested the Bankruptcy Court:

> Vacate the orders placing Wallace into chapter 7, as they were obtained by a motion of the US TTE that contained material falsehoods, supports a criminal fraud scheme, and comprise a fraud on the Bankruptcy Court by the U.S. Trustee.

(*Id.*, p. 17.)

The Bankruptcy Court denied Mr. Wallace's Rule 60(b) Motion as repetitious and untimely. (Dkt. 1-2.) The Bankruptcy Court also considered a Motion for a Protective Order filed by the Hayes in response to a subpoena Mr. Wallace obtained directing Montana state court Judge Gregory Todd to appear for a deposition in Billings, Montana on May 17, 2014. (11-21077-TLM, Dkt. 736.) Judge Todd was the Montana state court judge who entered the Amended Judgment against Mr. Wallace that served as the basis for the Hayes' proof of claim. (*Id.*) Mr. Wallace argued Judge Todd needed to be deposed in the

8

bankruptcy case because he was "a victim of deceit and a witness to some of it." (*Id*., Dkt. 740, 745.) Thus, Mr. Wallace sought to depose Judge Todd in an attempt to raise yet another challenge to the Montana state court's judgment. In its order denying Mr. Wallace's Rule 60(b) Motion, the Bankruptcy Court also granted the Hayes' Rule 26 Motion for a Protective Order and prohibited the deposition of Judge Todd. (Dkt. 1-2.)

Mr. Wallace predictably filed a request for reconsideration of the Bankruptcy Court's denial of the Rule 60(b) Motion and entry of a protective order, and subsequently supplemented the reconsideration request. (11-21077-TLM, Dkt. Nos. 751, 752.) The Bankruptcy Court denied the reconsideration request. (*Id*., Dkt. 753.) The Bankruptcy Court's denial of Mr. Wallace's Rule 60(b) Motion, entry of a protective order prohibiting the deposition of Judge Todd, and order denying reconsideration are the subject of the instant appeal.

## STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, "'a district court functions as [an] appellate court and applies the standard of review generally applied in federal court appeals.'" *In re Crystal Properties, Ltd*., 268 F.3d 743, 755 (9th Cir. 2001) (quoting *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir.1992)). Denial of motions under Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60

are reviewed for abuse of discretion.[8] *Carter v. U.S.*, 973 F.2d 1479, 1488 (9th Cir. 1992) (citing *Fiester v. Turner*, 783 F.2d 1474, 1475-76 (9th Cir. 1986)). A motion granting, denying or modifying a protective order is also reviewed for abuse of discretion. *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). A court abuses its discretion when it "rests its conclusions on clearly erroneous factual findings or on incorrect legal standards." *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377 (9th Cir. 1997). The district court may affirm the decision of the bankruptcy court "on any basis that finds support in the record." *In re Crystal Properties*, 268 F.3d at 755 (internal quotation and citation omitted).

## ANALYSIS

In his statement of issues for appeal, Mr. Wallace identifies eleven issues. (Dkt. 5-1, pp. 1-8.) With the exception of the Bankruptcy Court's ruling granting the Hayes' request for a protective order, each of these issues involves Mr. Wallace's previously litigated challenges to the Montana arbitration, the Montana

---

[8] Although, in both his Rule 60(b) Motion and in the instant appeal, Mr. Wallace attempts to challenge the Bankruptcy Court's 2012 conversion of his Chapter 11 bankruptcy into one under Chapter 7, the conversion order is not properly before this Court, as the time for appealing the conversion has long since expired. Thus, while the Bankruptcy Court's denial of Mr. Wallace's Rule 60(b) motion is reviewable for abuse of discretion, any error in the underlying judgment is not. *Fiester*, 783 F.2d at 1476 (citing *Cel-A-Pak v. California Agricultural Labor Relations Board*, 680 F.2d 664, 668 (9th Cir.1982), *cert. denied*, 459 U.S. 1071 (1982).

lower court's award, as well as Mr. Wallace's "fraud on the Court" argument raised before and rejected by both the Montana Federal District Court and the Bankruptcy Court. None of these issues involve the Bankruptcy Court's denial of Mr. Wallace's Rule 60(b) Motion, nor the Bankruptcy Court's denial of reconsideration of that order. Indeed, Mr. Wallace fails to even mention the Bankruptcy Court's reasons for denying the Rule 60(b) Motion, and does not identify any error associated with such denial.[9] Where, as here, a party fails to properly assign error, the appellate court cannot review the issue. *See, e.g., Watec Co., Ltd. v. Liu*, 403 F.3d 645, 649 (9th Cir. 2005) (Appellants waived their right to seek review of trial court's denial of their first judgment as a matter of law motion by failing to argue it as a specific assignment of error in their opening brief); *Laboa v. Calderon*, 224 F.3d 972, 980 n. 6 (9th Cir. 2000) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").

Moreover, in his appeal brief and supplemental affidavits, Mr. Wallace does not offer any coherent argument, but instead repeats his serial complaints regarding the rulings of the arbitrator and Montana state court. As noted by the Bankruptcy

---

[9] Mr. Wallace does not, for instance, challenge nor even mention the Bankruptcy Court's determination that his Rule 60(b) Motion was foreclosed as untimely under FRCP 60(c) because it was made more than two years after the March 2012 conversion of Mr. Wallace's Chapter 11 bankruptcy into one under Chapter 7. (Dkt. 1-2, pp. 4-7.)

11

Court on numerous occasions, such decisions, although Mr. Wallace clearly vehemently disagrees with them, are final and are not properly subject to review in federal court. (*See, e.g.*, Dkt. 17-1, pp. 37-55.)

The instant appeal bears no relation to the Bankruptcy Court's denial of Mr. Wallace's Rule 60(b) motion, and instead represents yet another attempt by Mr. Wallace to challenge the decision of the Montana arbitrator and the Montana state courts based on an alleged fraud. (Dkt 5.) As the Bankruptcy Court noted in its oral ruling dismissing Mr. Wallace's adversary proceeding, Mr. Wallace has alleged in multiple tribunals for over a decade that the Hayes committed a fraud on him and on the Montana state court. However:

> In all of these several attacks Wallace has lost. This does not dampen his resolve. He continues to make the same allegations, apparently with the idea that if the same theories are brought repeatedly and often enough, at some point they will prevail. This was his approach in the Montana State Court. And because direct appeals of the Montana lower court decision were unsuccessful, and because requests for the Montana lower court to reopen and reconsider the matter were likewise unsuccessful, Wallace embarked on a process of collateral attack on the judgment, including several attempts [in the Bankruptcy Court], as well as the unsuccessful [Montana] federal suit.

(Dkt. 17-1, pp. 42-43.)

The Court declines Mr. Wallace's invitation to re-hash his "fraud on the court" arguments here, nor, under the case law already thoughtfully highlighted on numerous occasions by the Bankruptcy Court, does it have authority to do so. (*See, e.g.*, *id*., pp. 37-55; 11-21077-TLM, Dkt. 729.) The Court finds Mr.

12

Wallace's appeal of the Court's denial of his Rule 60(b) motion is frivolous[10] and affirms both the Bankruptcy Court's denial of the Rule 60(b) Motion (Dkt.1-2) and the Bankruptcy Court's denial of reconsideration (Dkt. 1-3).

The only basis for error Mr. Wallace identifies that has any relation to the orders here appealed is the Bankruptcy Court's entry of a protective order barring Mr. Wallace's attempt to depose Montana state court Judge Todd. (Dkt. 5-1, p. 7.) However, Mr. Wallace does not explain how the Bankruptcy Court abused its discretion in granting the Hayes' Motion for Protective Order, and instead concedes that his purpose in deposing Judge Todd is to confront him regarding a protective order Judge Todd entered many years ago during the Montana litigation. (*Id*.) As the Bankruptcy Court properly held, any discovery regarding the Montana litigation is futile, as there is no pending adversary proceeding, and no pending contested matter to which any discovery, such as a deposition, attends. (Dkt. 1-2, p. 8.) The Court affirms the Bankruptcy Court's entry of a protective order under Federal Rule of Civil Procedure 26(c) in order to protect Judge Todd from the "annoyance, embarrassment, oppression, or undue burden or expense" associated with a futile deposition.

---

[10] "An appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit." *In re Presidential Corp.*, 180 B.R. 233, 240 (B.A.P. 9th Cir. 1995).

The Hayes request an award of attorneys' fees and costs associated with responding to Mr. Wallace's frivolous appeal. The Court has discretion to award damages and single or double costs as a sanction against bringing a frivolous appeal. *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). Federal Rule of Bankruptcy Procedure 8020 provides that if a district court determines an appeal of an order from the Bankruptcy Court is frivolous, the district court may, after a separately filed motion or notice from the court and a reasonable opportunity to respond, award just damages and single or double costs to the appellee. FRBP 8020(a). A request made in an appellate brief is not sufficient. *See Gabor v. Frazer*, 78 F.3d 459, 459-460 (9th Cir. 1996); *In re Kyle*, 317 B.R. 390 (9th Cir. B.A.P. 2004) (pursuant to FRBP 8020, request for sanctions on appeal had to be brought by separately filed motion).

The Hayes request attorney's fees in their motion to dismiss Mr. Wallace's appeal. (Dkt. 9.) However, they have not filed a separate motion in order to seek such award, and Mr. Wallace has not had the opportunity to respond to the Hayes' request for fees. Although the Court has concerns over the futility of awarding fees given Mr. Wallace's past conduct and bankruptcy, it will deny the attorney fees request without prejudice to the Hayes requesting such an award in a separately filed motion.

Finally, the Court notes that after over a decade of litigation in multiple tribunals and following repeated consideration and denial of Mr. Wallace's claims by the Bankruptcy Court, this Court will not devote further resources to an appeal that is essentially an attempt to collaterally attack the judgment of the Montana courts. Accordingly, the Court will not consider any further challenges to the Bankruptcy Court's denial of Wallace's Rule 60(b) Motion, and will not entertain a motion for reconsideration of this order.

## ORDER

For the foregoing reasons, the Bankruptcy Court's May 15, 2014 denial of Wallace's Rule 60(b) Motion (Dkt. 1-2) is **AFFIRMED** in its entirety.

The Bankruptcy Court's May 27, 2014 denial of Wallace's request for reconsideration (Dkt. 1-3) is also **AFFIRMED** in its entirety.

The Hayes' Motion to Dismiss Appeal and for Attorney Fees and Costs (Dkt. 9) is **DENIED**. The request to dismiss the appeal is, given the findings herein affirming the Bankruptcy Court, deemed **MOOT**. Pursuant to Federal Rule of Bankruptcy Procedure 8020(a), the Hayes' request for attorney fees is **DENIED** without prejudice to the Hayes requesting such an award in a separately filed motion.

Finally, Wallace's Request that the Court take Judicial Notice of various documents related to the Montana litigation (Dkt. 19) is, given the findings herein, **DENIED** as **MOOT**.

DATED: December 8, 2014

                                                                                     _____
Edward J. Lodge
United States District Judge